IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER RYAN MILLER                                            PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:11cv257-LG-RHW

MICHAEL J. ASTRUE,                                                 DEFENDANT
Commissioner of Social Security
                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

**BEFORE THE COURT** is Christopher Miller's objection to the Report and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause on September 17, 2012. After thoroughly reviewing the findings in the Report and Recommendation in addition to the positions of the Plaintiff advanced in his objection, the Court finds that the Report and Recommendation should be adopted as the finding of the Court.

Plaintiff was 35 years old as of his February 14, 2007, alleged onset date. He has a high school education and past relevant work experience as a hotel bellman. On January 8, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits stating that he is disabled due to mental impairment. After a careful review of the evidence, the Administrative Law Judge (ALJ) found

Plaintiff had severe impairments of an affective disorder, a personality disorder, and a history of alcohol abuse, but did not have an impairment or combination of impairments that met or equaled a listed impairment.  The ALJ found that Miller is able to perform work at all exertional levels but is limited to routine, repetitive tasks with casual contact with co-workers and occasional contact with the general public, and that he can only accept non-confrontational supervision.  Magistrate Judge Walker reviewed Plaintiff's Motion for Summary Judgment, and determined that the ALJ's decision is supported by substantial evidence.

In his objections, Plaintiff argues that the ALJ and Magistrate Judge Walker's decision is not supported by substantial evidence and that the ALJ failed to properly evaluate the medical opinion evidence of record.  Plaintiff argues that the Commissioner failed to incorporate into his residual functional capacity (RFC) determination and into his hypothetical question to the vocational expert (VE), the functional limitations in the record.  Plaintiff further contends that the ALJ failed to establish the existence of work in significant numbers, which Plaintiff can perform.  Plaintiff seeks remand on the grounds that the ALJ's decision resulted from employing incorrect legal standards and failure to properly assess the evidence.  Contrary to Plaintiff's assertions, this Court has considered his arguments and declines to remand the above captioned cause.

The standard of review for social security disability cases is limited to a

determination of "(1) whether the Commissioner applied the proper legal standard[,] and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A court reviewing the Commissioner's decision is not permitted to "re-weigh the evidence but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The court is not permitted to substitute its judgment for that of the Commissioner. *Villa*, 895 F.2d at 1022.

Plaintiff's objection, that the ALJ failed to properly consider the opinions of various medical providers, goes to the weight and credibility of the evidence. The fact that there may have been some contrary evidence or different interpretations to evidence is not sufficient to reverse the decision of the Commissioner. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (The ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly). Secondly, his argument that the Commissioner failed to incorporate into his RFC determination

and into his hypothetical question to the VE, the functional limitations in the record, fails.  The ALJ did not assign specific non-exertional limitations with respect to Plaintiff's concentration, persistence, and pace; therefore, the ALJ was not required to include these in the hypothetical.  The ALJ's hypothetical question to the vocational expert assumed no exertional limitations, but non-exertional limitations of routine, repetitive tasks with only casual contact with co-workers and occasional contact with the general public and non-confrontational contact with supervisors.  The vocational expert opined that Plaintiff could not perform his past relevant work as a bellman, but could perform the jobs of hand packager, bench assembler, and dish washer, which exist in significant numbers in the national economy.  The ALJ concluded that Plaintiff could perform the jobs identified by the vocational expert; therefore, he was not disabled.

After consideration of the Report and Recommendation filed in this cause, the Court finds no grounds to overturn the Report and Recommendation and further finds that the Report and Recommendation of Magistrate Judge Robert H. Walker entered on September 17, 2012, should be adopted as the finding of this Court.  The Court further concludes that the Magistrate Judge's Report and Recommendation correctly found that the motion to reverse the Commissioner's decision or in the alternative to remand should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and

Recommendation [29] entered by United States Magistrate Judge Robert H. Walker on September 17, 2012, is **ADOPTED** as the holding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the final decision of the Commissioner of Social Security denying Christopher Miller's claim for Social Security Disability Benefits is **AFFIRMED**. This case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE